UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MENDOZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES LLC; and DOES 1 through 20, inclusive,<br><br>　　　　Defendant. | No.  1:24-cv-01311-KES-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>Doc. 4 |

　　　　Plaintiff Jose Mendoza brings this claim against defendant Amazon.com Services LLC ("Amazon") and Doe defendants alleging state law claims of discrimination, failure to prevent discrimination, harassment, failure to prevent harassment, retaliation, wrongful termination, failure to accommodate, and failure to engage in the interactive process.  *See generally* Doc. 1-3.  Amazon moves to dismiss the complaint for failure to a claim.  Doc. 4.  The parties' briefs have been considered and, for the reasons set forth below, Amazon's motion to dismiss is granted and Mendoza's complaint is dismissed with leave to amend.

**I.　　BACKGROUND**

　　　　On September 25, 2024, Mendoza filed his complaint in Tulare County Superior Court against Amazon alleging violations of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*; the California Labor Code; and public policy.  Specifically,

1

1  Mendoza's complaint lists eleven causes of action: (1) Discrimination in Violation of FEHA;
2  (2) Failure to Prevent Discrimination (FEHA); (3) Retaliation in Violation of FEHA;
3  (4) Harassment in Violation of FEHA; (5) Failure to Prevent Harassment in Violation of FEHA;
4  (6) [California] Labor Code [§] 98.6; (7) [California] Labor Code [§] 1102.5; (8) [California]
5  Labor Code [§] 6310; (9) Wrongful Termination in Violation of Public Policy; (10) Failure to
6  Engage in a Good Faith Interactive Process; and (11) Failure to Provide Reasonable
7  Accommodation. Doc. 1-3 at 2. On October 25, 2024, Amazon removed the matter to this Court.
8  Doc. 1.
9      Mendoza makes five allegations in his complaint under a section entitled "Factual
10 Background." Doc. 1-3 ¶ 6–9, 11. He alleges that "Defendants subjected Plaintiff to
11 discrimination/harassment/retaliation on the bases of sexual orientation, marital status, gender,
12 gender identity, disability, association with a person with a disability, request for and exercise of
13 reasonable accommodation, opposition to discrimination/harassment/retaliation,
14 opposition/refusal to perform/disclosure of violation of the law, opposition/refusal to
15 perform/disclosure of unsafe work environment, opposition/refusal to perform/disclosure of
16 Labor Code violations, assertion of rights under the Labor Code." Doc. 1-3 ¶ 6. Mendoza further
17 alleges that "Defendant failed to engage in a timely good faith interactive process and provide
18 reasonable accommodation for Plaintiff's disability and association with a person with a
19 disability." *Id.* ¶ 7. He also claims that "Defendant subjected Plaintiff to threats, yelling,
20 screaming, Defendant's employee trying to physically fight Plaintiff for the reason that Plaintiff is
21 gay, offensive statements, offensive physical conduct, failure to promote, inferior terms and
22 conditions of employment, termination, and failure to reinstate to a discrimination free work
23 environment. *Id.* ¶ 8. He further avers that "Defendant's actions constitute disparate impact and
24 disparate treatment discrimination." *Id.* ¶ 9. Finally, he states that he has "exhausted all
25 necessary administrative remedies." *Id.* ¶ 11.
26     In the remainder of his complaint, Mendoza alleges, for each of his eleven causes of
27 action, that the "actions" described in the allegations in the "factual background" section
28 constitute violation of that cause of action, that as a proximate cause of such conduct Mendoza

1  has suffered actual and emotional damages, and that Amazon acted with oppression, malice,
2  and/or conscious disregard of Mendoza's rights. *Id.* ¶ 12–67. The only exception is that under
3  Mendoza's second cause of action—failure to prevent discrimination in violation of FEHA—
4  Mendoza also alleges that "Defendants had knowledge and/or reasonable notice of the
5  discrimination that took place against Plaintiff and failed to prevent such." *Id.* ¶ 19.

   On November 4, 2024, Amazon filed the present motion to dismiss the complaint for
7  failure to state a claim. Doc. 4. On January 30, 2025, Mendoza filed a late opposition to the
8  motion, Doc. 11, and on February 10, 2025, Amazon replied in support of its motion, Doc. 12.

9  **II.    LEGAL STANDARD**

10  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
11  sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th
12  Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
13  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
14  F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to
15  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A
16  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
17  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
18  *Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain facts that "nudge [the plaintiff's]
19  claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

20  In determining whether a complaint states a claim on which relief may be granted, the
21  Court accepts as true the allegations in the complaint and construes the allegations in the light
22  most favorable to the plaintiff. *Hishon*, 467 U.S. at 73. However, the Court need not assume the
23  truth of legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 680. While
24  Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-
25  defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading is insufficient if it offers
26  mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."
27  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements
28  of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is

inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. ANALYSIS

At the outset, the Court notes that Mendoza's complaint contains almost no factual allegations. Rather, the few allegations set forth in the "Factual Background" section are almost exclusively legal conclusions and recitations of elements of Mendoza's various causes of action. *See* Doc. 1-3 ¶¶ 6–7, 9.

For example, the allegation that Amazon "subjected Mendoza" to "discrimination/harassment/retaliation" on the "bases of sexual orientation, marital status, gender, gender identity, disability, association with a person with a disability, request for and exercise of reasonable accommodation, opposition to discrimination/harassment/retaliation, opposition/refusal to perform/disclosure of violation of the law, opposition/refusal to perform/disclosure of unsafe work environment, opposition/refusal to perform/disclosure of Labor Code violations, assertion of rights under the Labor Code," Doc. 1-3 ¶ 6, sets forth various legal conclusions but is devoid of any factual content. *See Twombly*, 550 U.S. at 555 (a pleading cannot survive a motion to dismiss if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."). The same is true of the allegations that Amazon "failed to engage in a timely good faith interactive process and provide reasonable accommodation for [Mendoza]'s disability and association with a person with a disability" and that Amazon's "actions constitute disparate impact and disparate treatment discrimination." Doc. 1-3 ¶¶ 7, 9. Similarly, Mendoza's allegation that Amazon "had knowledge and/or reasonable notice of the discrimination that took place against [Mendoza] and failed to prevent such," *id.* ¶ 19, is inadequate to help him to state a claim as it is a legal conclusion on one of the ultimate issues of the case. *Iqbal*, 556 U.S. at 680 (holding Court need not accept as true legal conclusions cast in the form of factual allegations).

The only allegation that arguably contains any factual material is Mendoza's assertion that Amazon "subjected [him]" to Amazon's "employee trying to physically fight [Mendoza] for the

4

reason that [he] is gay." Doc. 1-3 ¶ 8. However, this singular allegation is not sufficient to successful plead any of Mendoza's claims. It does not explain how Amazon subjected Mendoza to this alleged situation nor Mendoza's reason for believing this happened because of his sexual orientation. Additionally, the complaint does not allege who was involved in the incident or any facts that would demonstrate that any supervisor at Amazon was aware of this alleged incident. *See, e.g.*, *Hope v. California Youth Authority*, 36 Cal. Rptr. 3d 154, 166 (Cal. Ct. App. 2005) ("[A]n employer is not liable for harassment committed by a nonsupervisory employee . . . unless the plaintiff's superiors knew or should have known about the harassment.").

In the same breath as the above allegation that Amazon subjected Mendoza to its employee trying to fight him, Mendoza further alleges that Amazon also subjected Mendoza to "threats, yelling, [and] screaming, . . . offensive statements, offensive physical conduct, failure to promote, inferior terms and conditions of employment, termination, and failure to reinstate to a discrimination free work environment." *Id.* These broad and generic allegations, which lack any factual allegation to support them, are exactly the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that fail to state a claim or to meet Rule 8's pleading requirement.

Finally, the remainder of Mendoza's allegations— that the allegations described above constitute violation of each of his eleven causes of action, that he has suffered actual and emotional damages as a proximate cause of such violations, and that Amazon acted with oppression, malice, and/or conscious disregard of Mendoza's rights—all also constitute legal conclusions.

In short, the complaint does not contain sufficient factual allegations to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 668, or to give "fair notice" to Amazon of the "grounds upon which [Mendoza's claims] rest[]," *Twombly*, 550 U.S. at 555. Therefore, Amazon's motion to dismiss is granted.[1]

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to

---

[1] Mendoza's untimely two-page opposition to the motion to dismiss solely argues that defendant "relies upon the incorrect pleading standard" by insisting on adherence to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Doc. 11. However, this argument is unavailing, as Amazon does not rely on Rule 9 in arguing its motion. *See* Docs. 4, 12.

amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  The "underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up).  However, a court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

Because Mendoza's original complaint was filed in state court which has different pleading standards, because plaintiff has not yet had any opportunity to amend his complaint, and in light of the Ninth Circuit's policy of "extreme liberality in favoring amendments to pleadings," *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960), the Court will grant plaintiff leave to amend out of an abundance of caution.  Thus, to the extent Mendoza has a good faith basis, consistent with Federal Rule of Civil Procedure 11, to replead a claim alleged in the complaint, Mendoza may file an amended complaint within twenty-one (21) days of the date of this Order.

## IV.  CONCLUSION AND ORDER

Based upon the foregoing, Amazon's motion to dismiss, Doc. 4, is GRANTED, and the complaint, Doc. 1-3, is DISMISSED with leave to amend.

Within twenty-one (21) days from the date of this Order, Mendoza may file a first amended complaint.

If a first amended complaint is filed by Mendoza, Amazon shall file a responsive pleading thereto within fourteen (14) days of its filing.

IT IS SO ORDERED.

Dated:   August 6, 2025

_____
UNITED STATES DISTRICT JUDGE